60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Monteith HARRIS, Plaintiff-Appellant,
v.
Daniel SNEAD; Danny Waite, Defendants-Appellees.
 No. 94-2385.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1995.
 
 Before: KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Monteith Harris, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Harris sued two state correctional officials in their individual capacities. Harris alleged that on August 16, 1986, he was threatened by unidentified individuals. Shortly after the threat, Harris saw defendants and informed them of the threat on his life. Defendants asked Harris for more information and then went in the direction where the assailants had gone. Fifteen minutes later, Harris was sitting in the prison yard with another inmate. An unidentified person approached Harris and stabbed both Harris and the other inmate. Harris alleged that defendants violated his Eighth Amendment rights. Upon de novo review of a magistrate judge's report and over Harris's objections, the district court granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Harris argues that the district court erred in failing to address his substitutive due process claims under the Fourteenth Amendment.
 
 
 4
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Harris contends that his substantive due process right to be free from cruel and unusual punishment was ignored by the district court. The facts show that defendants' conduct neither constituted cruel and unusual punishment, nor was so outrageous as to shock the conscience. See Mertik v. Blalock, 983 F.2d 1353, 1367-68 (6th Cir.1993). Therefore, although the district court may not have specifically addressed this issue, its failure to do so was not erroneous.
 
 
 6
 Defendants' actions did not violate Harris's Eighth Amendment rights. A violation of the Eighth Amendment occurs in the context of an assault upon an inmate when the defendant's conduct amounts to deliberate indifference to the risk of injury to the plaintiff. Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993). The plaintiff must establish something more than a lack of ordinary due care, inadvertence or error; the defendant's conduct must be wanton--exhibiting recklessness or callous neglect. Id. The facts establish that the defendants were not reckless or callous to Harris's safety. After being warned by Harris of the threat, defendants immediately began searching for the perpetrators. Thus, defendants' actions did not violate Harris's Eighth Amendment rights.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.